In the Matter of the Estate of ANNIE E. WICKS, Deceased.

Surrogate's Court, Nassau County, July 1, 1941.

*O. Edward Payne* and *George A. Littlejohn*, for Ruth W. Pfalzer and William Wicks, as executors, etc., petitioners.

*Wood & Marshall*, for Barbara Kern, legatee, and others.

*Henry W. Moore*, for John Edward Collins, legatee.

*Marcus G. Christ, County Attorney*, for the county of Nassau.

*Irving Cahn*, for Almira Raynor Wicks.

HOWELL, S    Upon this accounting there is presented for determination a claim, rejected by the executors, made by the county of Nassau, pursuant to the provisions of section 125 of the Public Welfare Law, to recover from the assets of the estate moneys advanced by the county of Nassau to the decedent's son, Jacob Wicks, for approximately two years preceding the decedent's death.

Charging that the relief thus furnished by the county of Nassau was furnished jointly to said Jacob Wicks and his wife, Almira

Raynor Wicks, and that the latter is about to receive from certain estates sums aggregating more than $9,000, the executors move to bring into this accounting proceeding as an additional party the said Almira Raynor Wicks upon the theory that, as the wife of Jacob Wicks and joint recipient with him of the relief in question, she is primarily liable, and the decedent, her husband's mother, only secondarily liable. A controversy is thus presented which should, if possible, be determined in this court upon the accounting rather than to relegate the executors to another forum and another action or proceeding.

Even if the jurisdiction of the surrogate, under section 40 of the Surrogate's Court Act, and, particularly, his plenary jurisdiction upon an accounting, should not be deemed broad enough to authorize the bringing in of the son's wife, nevertheless, section 193 of the Civil Practice Act, made applicable to the Surrogate's Court by section 316 of the Surrogate's Court Act, expressly authorizes the relief sought and was enacted especially for the purpose of avoiding multiplicity of actions and of enabling the court in one action or proceeding to make a final determination. This is particularly what the surrogate is empowered to do and should have jurisdiction to do in an accounting proceeding.

The application will, therefore, be granted.

Submit decree on notice.